# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| KELLY HUSTEDDE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-4003-CV-C-WAK |
| MIDWAY ARMS, INC., db/a MIDWAY USA, | ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Kelly Hustedde, a former employee of defendant Midways Arms, Inc., brought this suit alleging a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., and a violation of the Missouri service letter statute, Mo. Ann. Stat. § 290.140 (West 2005). Defendant Midway Arms, Inc., has moved for summary judgment on Counts II and III of the complaint, which address the claimed service letter violations. Plaintiff responded in opposition to summary judgment, and defendant replied.

Rule 56(c) of the Federal Rules of Civil Procedure requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Plaintiff began her employment with Midway Arms, Inc., in October 2007. She asserts that during the hiring process she told the human relations department she had shoulder and knee problems and would need some accommodations. In the following months, she had shoulder surgery and was permitted to return to work with temporary restrictions on her activities. She also had medical restrictions related to her knees, which were injured in an automobile accident many years earlier.

During the six months of her active employment, she worked in different departments and had different supervisors. In March 2008, she accepted a transfer to the call center, which would accommodate her medical restrictions. Her performance in the call center was rated as unsatisfactory.

Shortly thereafter, in April 2008, she was told she was being placed on a leave of absence and could not return to work until her work restrictions were removed. She refused to sign the leave of absence request form, and took the position she had been terminated from her employment. She filed a charge of disability discrimination with the Equal Employment Opportunity Commission and requested a "letter of dismissal" from her employer in accord with Mo. Ann. Stat. § 290.140 (West 2005).

On June 18, 2008, defendant responded to plaintiff's request for a service letter. The letter stated plaintiff was a current employee on a personal leave of absence and they anticipated her return. It listed the departments where she worked, gave her date of hire, stated she continued to be honorably employed, had not been discharged and had not voluntarily left service. It stated she had performed competently and honorably, and they anticipated she would continue to do so upon her return.

In its motion for summary judgment, defendant asserts there has been no violation of the service letter statute because it issued an accurate letter and plaintiff's employment was not terminated. Defendant had placed her on a leave of absence until August 1, 2008, the date her medical restrictions were expected to end.

To be entitled to actual damages under the statute, plaintiff must show she was refused or hindered in obtaining employment in an open position because of the absence or inadequacy of a service letter. "In other words, [plaintiff] must show a potential employer held the service letter against him." Ruzicka v. Hart Printing Company, 21 S.W.3d 67, 75 (Mo. App. E.D. 2000). In this case, plaintiff Hustedde did not show the service letter she received from defendant to any potential employer, and she has not presented any evidence that she was denied or hindered in obtaining employment because of the service letter.

Plaintiff attempts to circumvent that result but asserting defendant failed to provide an accurate reason for her termination, and in essence, failed to issue a service letter. If no service letter is issued, the statute provides for nominal and punitive damages. Plaintiff cites to cases that find a service letter should strictly comply with the statutory requirements and a defective letter with missing elements is the equivalent of not issuing a letter.

It is clear under Missouri law that "[t]he failure to give a proper service letter constitutes an invasion of the employee's legal rights and without proof of any damages whatsoever entitles the employee to a judgment for nominal damages." Grasle v. Jenny Craig Weight Loss Centres, Inc., 167 F.R.D. 406, 412 (E.D. Mo. 1996).

The letter at issue here, however, met the statutory requirements. It stated the nature and character of the service she rendered, the duration and that she had not been discharged or voluntarily quit. Although plaintiff states in her affidavit that she understood from Mr. Burke that she could not return to work and was being fired, her statements are inconsistent. Plaintiff admits she was given a leave of absence request form that was already filled out. It stated she was "being placed on an uncompensated LOA while she maintains her current level of personal medical restrictions" and she acknowledges she refused to sign it. See Doc. 26-4. She also states in her affidavit that "[a]fter I was placed on involuntary leave, I did not obtain full-time

3

employment until May, 2009." (Doc. 44-1.) Defendant has directed the court to other instances where plaintiff stated she was placed on involuntary leave.

Further, once plaintiff received the service letter, it should have been clear to her that she had not been fired and could return to work if her medical restrictions would permit her to do so. While she believed her restrictions would not be lifted, she did not submit documents to defendant to show the restrictions were permanent. The submitted exhibits show two medical restriction forms that appear to have been faxed on March 5, 2008. The first does not state how long the restrictions were expected to last, but gives a return-to-work date of February 1, 2008. The second form, sent approximately three hours later, is identical except that it indicates the "restrictions will be in place for approximately 6 months." (Doc. 44-2 at 7.) Thus, the information available to defendant, which was provided by the medical clinic, suggests the restrictions were not expected to be permanent and its action in placing plaintiff on a temporary leave of absence is consistent with that belief.

As stated above, the court finds the service letter provided by defendant met the statutory requirements. Even if it had been defective, for an award of punitive damages for failure to issue a service letter, plaintiff would have needed to show defendant acted with legal or actual malice. "Legal malice exists where a wrongful act is intentionally done without just cause or excuse, whereas actual malice exists when one with a sedate, deliberate mind and formed design injures another. Grasle v. Jenny Craig Weight Loss Centres, Inc., 167 F.R.D. at 415. The record before the court does not disclose defendant acted with actual or legal malice.

For these reasons and those set forth in more detail in defendant's suggestions, it is

ORDERED that defendant's motion of September 21, 2009, for summary judgment is granted and Counts II and III of plaintiff's complaint are dismissed. [25]

Dated this 5th day of January, 2010, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge